### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **STEVEN GINO MILLER, JR.,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 21-CV-4484** |
| | : | |
| **JON WEAVER,** *et al.*, | : | |
| **Defendants.** | : | |

### MEMORANDUM

**BAYLSON, J.**                                                                                    **OCTOBER 22, 2021**

Plaintiff Steven Gino Miller, Jr., has filed a Complaint against Weaver Landscaping, Jon Weaver, Kelly Weaver, and Christina Weaver, in which he claims he was discriminated against in employment in violation of federal law.  (ECF No. 2.)  Miller also filed a Motion to Proceed *In Forma Pauperis* and a Motion to Appoint Counsel.  (ECF Nos. 1 & 3.)  For the following reasons, the Court will grant Miller leave to proceed *in forma pauperis*, dismiss his Complaint without prejudice to Miller filing an amended complaint, and deny his Motion to Appoint Counsel without prejudice.

### I.       FACTUAL ALLEGATIONS

Miller used the Court's form complaint for employment discrimination to plead his claims.  By checking the appropriate locations on the form, Miller indicates that he is bringing claims pursuant to:  (1) Title VII of the Civil Rights Act, which prohibits employment discrimination based on race, color, gender, religion, and national origin; (2) the Age Discrimination in Employment Act ("ADEA"), which prohibits employment discrimination based on age; and (3) the Americans with Disabilities Act ("ADA"), which prohibits

employment discrimination based on an employee's disability or perceived disability.  (ECF No. 2 at 1.)

The allegations of the Complaint are sparse.  It appears Miller was employed by Weaver Landscaping, although the Complaint does not describe the job he held.  Miller raises the following allegations in support of his claims:

> I was told I was exposed to Covid by only 2 employees I worked with that day offered no test told take a day off upon return had me with same men no explanation.  I contacted EEOC and was fired no one in company telling me we just stopping communication only after asking for lost check by text I was then told I failed drug policy.

(*Id.* at 3.)  According to the Complaint, Miller filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and received a Notice of Right to Sue Letter in August of 2021.  (*Id.* at 4.)

Based on those allegations, the Court understands Miller to be claiming that he was discriminated against because he was "expos[ed] to Covid" but not given a test, and that he was terminated from his employment "for contact[ing] EEOC."  (*Id.* at 3.)  Miller does not specify the relief he seeks through this lawsuit.

## II.    STANDARD OF REVIEW

The Court grants Miller leave to proceed *in forma pauperis* because it appears that he cannot afford to pre-pay the fees to commence this civil action.  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a

claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).   Conclusory allegations do not suffice. *Id.*   "[T]he plausibility paradigm announced in [*Bell Atl. Corp. v.*] *Twombly*[, 550 U.S. 544 (2007),] applies with equal force to analyzing the adequacy of claims of employment discrimination." *Fowler v. UMPC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009) (quotations omitted).   As Miller is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

### III.   DISCUSSION

"Title VII, the ADEA, and the ADA proscribe discrimination in employment based on several personal characteristics" specifically, race, color, religion, sex, national origin, age,[1] and disability. *E.E.O.C. v. Allstate Ins. Co.*, 778 F.3d 444, 448-49 (3d Cir. 2015).   The ADA also requires employers to make reasonable accommodations for their employees' disabilities.   28 U.S.C. § 12112(b)(5)(A); *Taylor v. Phoenixville Sch. Dist.*, 184 F.3d 296, 311 (3d Cir. 1999). To state a claim under these federal laws prohibiting employment discrimination, a plaintiff must allege sufficient facts to raise a reasonable expectation that his membership in a protected class was "either a motivating or determinative factor" in his employer's adverse employment action against him. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016).

Federal law also prohibits an employer from retaliating against an employee for opposing any act made unlawful by the employment discrimination statutes, or because he made a charge, testified, assisted, or participated in an investigation, proceeding, or hearing under the employment discrimination statutes. *See* 42 U.S.C. § 2000e-3; *E.E.O.C.*, 778 F.3d at 449.   A plaintiff states a retaliation claim if he "pleads sufficient factual allegations to raise a reasonable

---

[1] The ADEA prohibits discrimination against individuals who are over forty years of age. *See* 29 U.S.C. § 631(a).

expectation that discovery will reveal evidence of the following elements: (1) [he] engaged in conduct protected by [the statute]; (2) the employer took adverse action against [him]; and (3) a causal link exists between [his] protected conduct and the employer's adverse action." *Connelly*, 809 F.3d at 789; *Krouse v. Am. Sterilizer Co.*, 126 F.3d 494, 500 (3d Cir. 1997).

Even under a liberal reading, Miller's Complaint fails to allege a plausible claim for employment discrimination in connection with his treatment at work or his termination. Although Miller indicates that he is bringing claims under Title VII, the ADEA, and the ADA, he does not allege any facts describing the protected class to which he belongs based on his race, color, religion, sex, national origin, age, or disability.  Relatedly, he has not explained how his treatment at work[2] or termination was based on his membership in one or more of those protected classes so as to violate the federal laws that prohibit discrimination in the workplace. Nor does he allege that his employer failed to reasonable accommodate a disability.[3]  In other words, Miller has not alleged facts to raise a plausible inference that his treatment at work and/or his termination were motivated by his race, color, religion, sex, national origin, age, or disability (or perceived disability).  In the absence of such facts, he cannot state a claim for employment discrimination in violation of Title VII, the ADEA, or the ADA.  *See Culler v. Sec' y of U.S.*

---

[2] It is not clear at this point whether Miller suffered any adverse action a work other than his termination.

[3] The ADA defines a disability as: "(A) a physical or mental impairment that substantially limits one or more of the major life activities of [an] individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment."  42 U.S.C. § 12102(1).  At most, Miller has alleged he was exposed to COVID at work.  At least one court has concluded that "possible *exposure* to COVID-19 is not 'a physical or mental impairment that substantially limits one or more major life activities.'" *Parker v. Cenlar FSB*, Civ. A. No. 20-02175, 2021 WL 22828, at *6 (E.D. Pa. Jan. 4, 2021) (quoting 42 U.S.C. § 12102(2)(A)).  Miller has not alleged any additional facts at this time to suggest that he suffered from a disability or was regarded as having a disability within the meaning of the ADA.

*Veterans Affairs*, 507 F. App' x 246, 249 (3d Cir. 2012) (*per curiam*) (explaining that "[t]he

discrimination must be 'because of' the employee's protected status or activity" (quoting

*Andreoli v. Gates*, 482 F.3d 641, 644 (3d Cir. 2007)); *Shahin v. Del. Dep't of Transp*., 405 F.

App'x 587, 588-89 (3d Cir. 2010) (*per curiam*) (affirming dismissal of complaint where plaintiff

failed to provide "details on what position she applied for, how she was qualified for the

position, and what protected classes she belongs to").

For similar reasons, Miller has failed to state a plausible claim that he was retaliated

against in violation of federal employment law.  He alleges that he contacted the EEOC and was

fired.  However, Miller has not provided any context for these allegations from which it could be

inferred that his termination was motivated by retaliation.  He does not allege when he filed the

charge with the EEOC, state what the charge was about (although it presumably concerned his

exposure to COVID), allege the date upon which he was terminated, or provide any additional

facts from which a causal connection could be inferred between his filing of an EEOC charge

and his termination.  In the absence of more detailed facts, his allegations do not state a

retaliation claim.  *See Khalik v. United Air Lines*, 671 F.3d 1188, 1193 (10th Cir. 2012)

("Plaintiff's general assertions of discrimination and retaliation, without any details whatsoever

of events leading up to her termination, are insufficient to survive a motion to dismiss.").

Additionally, Miller has sued three individual Defendants — Jon Weaver, Kelly Weaver

and Christina Weaver — but has not explained who these individuals are or what role they

played in the relevant events.  In any event, the federal laws pursuant to which Miller brings his

claims do not provide for liability of individuals, as opposed to liability of the employer (here,

Weaver Landscaping).  *See Williams v. Pennsylvania Hum. Rels. Comm'n*, 870 F.3d 294, 299 (3d

Cir. 2017) ("Title VII and the ADA impose liability only on *employers* . . . ."); *Parikh v. UPS*,

491 F. App'x 303, 308 (3d Cir. 2012) (*per curiam*) ("Neither Title VII nor the ADEA provides for individual liability."); *Hill v. Borough of Kutztown*, 455 F.3d 225, 246 n.29 (3d Cir. 2006) ("Hill did not bring an ADEA claim against Mayor Marino himself, nor could he have because the ADEA does not provide for individual liability."); *Koslow v. Commonwealth of Pennsylvania*, 302 F.3d 161, 178 (3d Cir. 2002) ("[T]here appears to be no individual liability for damages under Title I of the ADA."); *Sheridan v. E.I. DuPont de Nemours & Co.,* 100 F.3d 1061, 1078 (3d Cir. 1996) ("[W]e are persuaded that Congress did not intend to hold individual employees liable under Title VII."). Accordingly, the Court will dismiss Miller's claims against these individuals with prejudice.

## IV.    CONCLUSION

For the foregoing reasons, the Court will grant Miller leave to proceed *in forma pauperis* and dismiss his Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. The Court will dismiss Miller's claims against Jon Weaver, Kelly Weaver and Christina Weaver with prejudice and will dismiss Miller's claims against Weaver Landscaping without prejudice to Miller filing an amended complaint that provides more information about the basis for his claims. The Court will deny Miller's Motion to Appoint Counsel at this time without prejudice to renewal if Miller files an amended complaint. *See Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (in determining whether appointment of counsel is appropriate, the Court should first determine whether plaintiff's lawsuit has a legal basis). An Order follows, which provides further guidance regarding amendment.

BY THE COURT:

/s/ MICHAEL M. BAYLSON

_____

MICHAEL M. BAYLSON, J.

6