IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEVEN GINO MILLER, JR.,<br>    Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 21-CV-4484 |
| | : | |
| WEAVER LANDSCAPING,<br>    Defendant. | : | |
| | : | |

## MEMORANDUM

**BAYLSON, J.**                                                                                            **MARCH 10, 2022**

Plaintiff Steven Gino Miller, Jr. appears to have abandoned this case shortly after filing it. Accordingly, for the following reasons, the Court will dismiss this case for failure to prosecute.

**I.     PROCEDURAL HISTORY**

On October 12, 2021, Plaintiff Steven Gino Miller, Jr. initiated this civil action by filing a Complaint asserting employment discrimination claims, a Motion to Proceed *In Forma Pauperis*, and a Motion to Appoint Counsel. (ECF Nos. 1-3.) Upon opening the civil action, the Clerk of Court mailed a copy of the Court's "Notice of Guidelines for Representing Yourself (Appearing 'Pro Se') in Federal Court)" to Miller at the address he provided in Downingtown, Pennsylvania. (ECF No. 4.) In an October 25, 2021 Memorandum and Order, the Court granted Miller leave to proceed *in forma pauperis*, dismissed his Complaint without prejudice to Miller amending his claims against Weaver Landscaping (his former employer) within thirty days, and denied Miller's Motion to Appoint Counsel without prejudice. (ECF No. 5 & 6.) On October 26, 2021, those documents were mailed to Miller at his street address in Downingtown. When Miller failed to file an amended complaint in accordance with the Court's Order, the Court issued a

final Order on December 17, 2021 dismissing this case, which was mailed to Miller at his address in Downingtown on December 20, 2021.  (ECF No. 7.)

On December 27, 2021, the Clerk of Court entered on the docket notice that the mail containing the Court's October 25, 2021 Memorandum and Order were returned to the Court as undeliverable.  (ECF No. 8.)  In light of that development, the Court issued an Order on January 11, 2022, which:  (1) vacated the dismissal order; (2) directed the Clerk's Office to update Miller's address to use a second address listed on his Complaint located in Coatesville, in the hope of serving him with Court orders there; (3) directed the Clerk's Office to resend the Court's Memorandum and Orders to Miller along with a blank copy of a form employment discrimination complaint; and (4) extended the time for Miller to file an amended complaint.  (ECF No. 9.)  That Order and the documents referred to therein were sent to Miller on January 12, 2022 at his updated address in Coatesville.  Those documents were returned to the Court by the United States Postal Service as undeliverable.  (ECF No. 11.)  Accordingly, it appears the Court has no current address for Miller.  He has not contacted the Court since filing this case on October 12, 2021.

**II.  DISCUSSION**

The Court will consider whether it is appropriate to dismiss this case for failure to prosecute due to Miller's failure to respond to the Court's Orders.  Federal Rule of Civil Procedure 41(b) allows for the dismissal of an action for failure of the plaintiff "to prosecute or comply with these rules or a court order."  *See* Fed. R. Civ. P. 41(b).  Ordinarily, a court determining whether to *sua sponte* dismiss a case because of a plaintiff's failure to prosecute must consider several factors in reaching its decision, as set forth in *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863 (3d Cir. 1984) (the "*Poulis* factors").  *See, e.g., Spain v. Gallegos*, 26 F.3d 439, 454-55 (3d Cir. 1994).  However, an analysis under *Poulis* is not required when a

2

plaintiff willfully abandons the case or makes adjudication impossible. *See Dickens v. Danberg*, 700 F. App'x 116, 118 n.2 (3d Cir. 2017) (*per curiam*) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary."); *Baker v. Accounts Receivables Mgmt., Inc.*, 292 F.R.D. 171, 175 (D.N.J. 2013) ("[T]he Court need not engage in an analysis of the six *Poulis* factors in cases where a party willfully abandons her case or otherwise makes adjudication of the matter impossible." (citing cases)). Since it appears that Miller has abandoned his case, and since this case cannot proceed without an operative pleading, outright dismissal is appropriate. Nevertheless, in an abundance of caution, the Court will analyze the *Poulis* factors as well.

*Poulis* sets forth six factors to consider when determining whether to dismiss an action due to a plaintiff's failure to prosecute:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary . . . ; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

747 F.2d at 868 (emphasis omitted). Not all of the *Poulis* factors must be satisfied in order for a court to dismiss a complaint. *See Ware v. Rodale Press, Inc.*, 322 F.3d 218, 221 (3d Cir. 2003); *Shahin v. Delaware*, 345 F. App'x 815, 817 (3d Cir. 2009) (per curiam).

As to the first *Poulis* factor, the extent of the party's personal responsibility, it is Miller's sole responsibility to prosecute his case and comply with Court orders. *See Briscoe v. Klaus*, 538 F.3d 252, 258-59 (3d Cir. 2008) (explaining that "a pro se plaintiff is personally responsible for complying with the court's orders" and "it is logical to hold a pro se plaintiff personally responsible for delays in his case because a pro se plaintiff is solely responsible for the progress of his case"); *Emerson v. Thiel Coll.*, 296 F.3d 184, 191 (3d Cir. 2002) (where litigant was

3

proceeding *pro se*, any failure to comply with orders was attributable to him). The docket reflects that the Court's Orders were sent to Miller at both addresses listed on his Complaint and returned on each occasion. Despite having been informed of his obligation to update his address with the Court within fourteen days of an address change, (ECF No. 4 at 1-2 (citing Local Rule 5.1(b)), Miller has not provided the Court with a current address. Accordingly, the Court has no way of communicating with Miller. His failure to communicate with the Court since he filed this case or provide a current address suggests that Miller no longer intends to prosecute this case. This factor, therefore, weighs in favor of dismissal.

The second factor, prejudice to the defendants, also weighs in favor of dismissal. "Examples of prejudice include 'the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party.'" *Adams v. Trs. of N.J. Brewery Employees' Pension Tr. Fund*, 29 F.3d 863, 874 (3d Cir. 1994) (quoting *Scarborough v. Eubanks*, 747 F.2d 871 (3d Cir. 1984). "[W]hile 'prejudice' for the purpose of *Poulis* analysis does not mean 'irremediable harm,' the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy is sufficiently prejudicial." *Ware,* 322 F.3d at 222. It is unclear how this case could proceed without plaintiff's participation. "Simply put, there is no way for Defendants to defend against Plaintiff's claims in his absence." *Stephen v. Att'y Gen.*, No. 18-615, 2020 WL 832914, at *3 (M.D. Pa. Jan. 10, 2020), *report and recommendation adopted*, 2020 WL 820192 (M.D. Pa. Feb. 19, 2020). Accordingly, requiring the Defendant to proceed in this context would be prejudicial.

The third factor, a history of dilatoriness, is neutral here. This factor must be assessed over the lifetime of the case, keeping in mind that "conduct that occurs one or two times is insufficient." *Briscoe*, 538 F.3d at 261. While Miller has not shown a history of dilatoriness, his

4

failure to respond to three Court orders or otherwise communicate with the Court suggests an intention to abandon this case.

The fourth factor, whether plaintiff's conduct was willful or in bad faith, is neutral. *See El-Hewie v. Paterson Pub. Sch. Dist.*, No. 13-5820, 2015 WL 5306255, at *4 (D.N.J. Sept. 10, 2015) (where a litigant "has been silent, and that silence is ambiguous" the court could not conclude that litigant acted willfully or in bad faith for purposes of the fourth *Poulis* factor). On this record, Miller's non-responsiveness is more consistent with negligence or inadvertence as opposed to bad faith.

An examination of the fifth factor, the effectiveness of sanctions other than dismissal, reveals that no other sanction would be effective because Miller is proceeding *pro se*, is likely unable to pay monetary sanctions since he is proceeding *in forma pauperis*, and because it would be difficult to impose another sanction given Miller's non-responsiveness. *See Adonai-Adoni v. King*, 506 F. App'x 116, 119 (3d Cir. 2012) (*per curiam*) ("Because Adonai–Adoni proceeded pro se and in forma pauperis, monetary sanctions were not a viable form of alternative sanction."); *King v. Galano*, No. 14-1691, 2015 WL 6523459, at *3 (D.N.J. Oct. 28, 2015) ("Plaintiff's history of nonparticipation and noncompliance in this matter suggests that alternative sanctions would be futile.").

Lastly, regarding the sixth factor, a claim is considered meritorious when the allegations of the complaint, if established at trial, would support recovery. *See Poulis*, 747 F.2d at 869-70. It is not clear whether Miller can assert a plausible basis for an employment discrimination claim against his former employer. However, even assuming the possibility of a meritorious claim here, a plaintiff must pursue his claims, rather than abandon them, if he is to recover. Miller's conduct is simply "incompatible with maintaining a lawsuit." *Stephen*, 2020 WL 832914, at *4; *Smith v. Atlas Fitness Inc. Sys.*, Civ. A No. 10-1021, 2011 WL 3608601, at *3 (M.D. Pa. July 20,

2011) ("Since no party is actively litigating this case at present it is impossible to assess what merit, if any, there may be to these claims."), *report and recommendation adopted*, 2011 WL 3608594 (M.D. Pa. Aug. 16, 2011).

    In sum, upon balancing the *Poulis* factors, the Court finds that they weigh in favor of dismissing this action pursuant to Federal Rule of Civil Procedure 41(b) due to Miller's failure to prosecute. Simply put, there is no way for this litigation to progress without Miller's participation. An Order follows, which dismisses this case.

**BY THE COURT:**

**/s/ MICHAEL M. BAYLSON**
_____
**MICHAEL M. BAYLSON, J.**